| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **UNITED STATES DISTRICT COURT** |
| 4 | **DISTRICT OF NEVADA** |

BARBARA K. ANDERSON,

            Plaintiff,

vs.

BANK OF AMERICA, N.A. MELON, et al.,

           Defendants.

Case No. 2:17-cv-00103-MMD-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se Plaintiff Barbara K. Anderson's Application to Proceed *In Forma Pauperis* (ECF No. 4), filed on January 11, 2017. Also before the court is Plaintiff's complaint (ECF No. 4-1), filed on January 11, 2017. Also before the court is Plaintiff's proposed temporary restraining order to be heard on order shortening time (ECF No. 7), filed on April 7, 2017.

**I.**    *IN FORMA PAUPERIS* **APPLICATION**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.**    **SCREENING COMPLAINT**

      **A.**    **Background**

This case arises out of the allegedly wrongful foreclosure of Plaintiff's home located in Las Vegas, Nevada. (Compl. (ECF No. 4-1) at 2-9.) Plaintiff brings claims for violation of Nevada Revised Statutes §§ 107.520 and 107.530 against Defendants Bank of America N.A. Melon, Bank of America Home Loans, Chase Bank, Deutsche Bank National Trust Company, IMH Assets Corp., Quality Loan Servies, MTC Financial Inc. dba Trustee Corps., Platinum Realty, Steve Hawk Realestate [sic] Co., and Haines and Krieger Realty, though the court notes that Plaintiff only

makes specific factual allegations regarding "Bank of America." (*Id.* at 1, 6.) Plaintiff alleges that eviction proceedings were commenced on January 10, 2017, and she requests a temporary restraining order to prevent her eviction. (*Id.* at 10.) Plaintiff further requests monetary damages of $244,832.86, which is the amount of equity she had acquired in her home. (*Id.* at 3, 9.)

Plaintiff alleges that she resides in Clark County, Nevada, and that she is a citizen of the United States. (*Id.* at 4.) She does not allege the citizenship of any of the defendants. (*See id.*)

### B. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C. Analysis**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.* A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff does not invoke the court's jurisdiction. Plaintiff alleges only Nevada state law claims and therefore does not invoke the court's federal question jurisdiction. Although she states that the amount in controversy is more than $75,000, she does not allege the citizenship of any of the defendants in this action. Without allegations regarding the defendants' citizenship, the court is unable to determine whether Plaintiff invokes the court's diversity jurisdiction. As the party seeking to invoke the court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The court therefore will recommend that this case be dismissed for lack of subject-matter jurisdiction, with leave to amend.

If Plaintiff chooses to amend, she must include factual allegations regarding each defendant's citizenship, thereby allowing the court to determine its own jurisdiction. Additionally, Plaintiff is advised all defendants must be identified in the caption of the pleading and that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant. Specifically, Plaintiffs must allege

3

1 facts showing how each named defendant is involved and the approximate dates of their involvement.

Finally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 4-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

To the extent Plaintiff requests injunctive relief in the form of a temporary restraining order, the court will recommend that this request be denied given there are insufficient factual allegations to determine the court's jurisdiction.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 4-1).

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED with leave to amend.

IT IS RECOMMENDED that Plaintiff's proposed temporary restraining order to be heard on order shortening time (ECF No. 7) be DENIED.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 19, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**